UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-2444-JG

UNITED STATES OF AMERICA

v.

MIGUEL MORAN DIAZ,

Defendant.

_____/

## <u>DETENTION ORDER</u>

On April 8, 2015, a hearing was held pursuant to Title 18, United States Code, section 3142(f) to determine whether the defendant, Miguel Moran Diaz ("DIAZ"), should be detained before trial.  Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community if he is released before trial.  Therefore, it is ordered that DIAZ be detained until the conclusion of his trial.

In accordance with the provisions of Title 18, United States Code, Section 3142(i)(1), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.      The defendant is charged by Complaint with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g).  At the detention hearing the government identified considerable evidence that would support the defendant's conviction of this offense.

2.      FBI Special Agent David Clancy testified at the pretrial detention hearing, and his testimony included the following allegations regarding the defendant:  1) the defendant has posted on his Facebook account and Tweeted information regarding the so-called Islamic State of Iraq and Syria (ISIS); 2) the defendant expressed his desire to purchase additional firearms from the confidential source; 3) the defendant had a Kel Tec 2000 collapsible stock rifle which

1

he described as the perfect weapon to smuggle into a stadium undetected; 4) the defendant conducted surveillance of a building in Miramar, Florida where a Department of Homeland Security office is located, and did so because he considered it the target of a possible terrorist attack; 5) the defendant said he considered himself to be a "lone wolf" supporter of ISIS; 6) the defendant spoke of his interest in obtaining a .308 caliber bolt action rifle and engraving "ISIS" into the shell casings, so that after he used that weapon law enforcement might find the shell casings and know there was a sniper in town; 7) the defendant viewed on-line bomb making instructions published by Al-Qaida's Inspire Magazine; 8) the defendant engaged in target practice with his firearms in the Everglades National Park; 9) the defendant expressed his desire to purchase more ammunition from the government's confidential source; 10) the defendant said that he threatened to kill his girlfriend should she call 911 to report his weapons possession; 11) when arrested, the defendant had in his waistband a loaded .40 caliber handgun, and a magazine with 15 additional .40 caliber rounds in his pocket; 12) when agents executed a search warrant of the defendant's residence, they found the Kel Tec 2000 rifle and approximately 297 additional rounds of ammunition.

I find that the government has established by clear and convincing evidence that there are no conditions of bond that will reasonably assure the safety of the community if the defendant were released before trial.

4.      Last month the defendant began self-employment as an Uber driver, before that he worked in construction and as a shuttle driver, all earning modest wages.  He has no significant assets or ties to the community and lives with his girlfriend in her government assisted apartment.  In 2005 the defendant was convicted by this Court of cocaine possession and conspiracy charges and was sentenced to 46 months incarceration; he was released in 2008.  The defendant is a citizen of Cuba and as a result of his felony conviction, he is subject to deportation and ICE has placed a detainer with the U.S. Marshal's seeking custody of the defendant once he

is released from criminal custody.  The defendant's mother lives in Cuba, and the government proffered that the defendant said in a recorded statement that should he be arrested, he would "never go back to present himself [to immigration authorities]" and that they would "gotta come and get me."

If convicted of the pending charges the defendant faces up to a ten-year period of incarceration, and the government proffered that advisory sentencing guidelines likely would call for a sentence of approximately five years imprisonment.

On this record I find that the government has established by a preponderance of the evidence that there are no conditions or combination of conditions which would reasonably assure the appearance of the defendant if he were released before trial.

Accordingly, the Court hereby directs:

1.      That the defendant be detained without bond;

2.      That the defendant be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.      That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

4.      On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in chambers at Miami, Florida this 9th day of April, 2015.


CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

3

cc:     Pretrial Services
        United States Marshals
        Marc Anton, AUSA
        Anthony Natale, Counsel for Defendant